UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INFORMATION NUMBER: |
| ) | 2:25CR2 |
| RYAN ROBERT BIEGEL ) | |
| ) | |

**PLEA AGREEMENT**

Defendant RYAN ROBERT BIEGEL, represented by Defendant's counsel Adrienne Browning (hereinafter, "Defendant"), and the United States of America, represented by Assistant United States Attorney Jennifer Kirkland and Alec Ward, Trial Attorney, Civil Rights Division, U.S. Department of Justice (hereinafter "the Government" or "the United States"), have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to Count One of an Information charging Defendant with Deprivation of Rights under Color of Law, in violation of 18 U.S.C. § 242.

In consideration of Defendant's plea of guilty to Count One of the Information and his compliance with all other terms of this Agreement, the United States will not seek any other criminal charges against Defendant in connection with the events described in Section 2 of this Agreement.

2. <u>Elements and Factual Basis</u>

To sustain a conviction for Count 1, Deprivation of Rights Under Color of Law in violation of 18 U.S.C. § 242, to which the Defendant is pleading guilty, the Government must establish each of the following elements beyond a reasonable doubt:

FIRST: That the defendant acted under color of law;

SECOND: That the defendant deprived a person identified in the Information as J.H. of a right secured or protected by the Constitution or laws of the United States; here, the right to be free from deprivation of liberty without due process of law, which includes the right of a pretrial detainee to be free from a law enforcement officer's use of objectively unreasonable force;

THIRD: That the defendant acted willfully; and

FOURTH: That the offense resulted in bodily injury to victim J.H.

Defendant agrees that the Defendant is, in fact, guilty of this offense. The Defendant agrees to the accuracy of the following facts, and that such facts satisfy the offense's required elements:

On or about September 3, 2022, in Camden County, within the Southern District of Georgia, the defendant, **RYAN ROBERT BIEGEL**, while acting under color of law as a deputy sheriff and Jail Corporal with the Camden County Sheriff's Office, willfully deprived J.H. of the right, protected and secured by the Fourteenth Amendment of the Constitution and laws of the United States, to be free from deprivation of liberty without due process of law, which includes the right to be free from a law enforcement officer's use of objectively unreasonable force while held in pretrial detention.

Specifically, Defendant agrees that on or about September 3, 2022, while on duty and in uniform as a Deputy Sheriff and Jail Corporal with the Camden County Sheriff's Office, Defendant and two other correctional officers entered a holding cell in which J.H., who was being detained pending a bond hearing, was confined. Prior to entering the cell, Defendant did not give J.H. any verbal commands, and did not provide J.H. with an opportunity to voluntarily comply with any commands or instructions. Upon entering the cell, the two other correctional officers restrained J.H.'s arms and pushed J.H. against one of the cell walls. While J.H. was being held against the wall, Defendant struck J.H. five times in the back of the head with a closed fist. As Defendant then knew from his training and experience, these strikes were not reasonable or necessary to accomplish any legitimate law enforcement or penological purpose. Defendant's knowing use of unreasonable force had the foreseeable effect of escalating the physical confrontation between J.H. and the officers. In the resulting struggle, instead of utilizing trained and approved techniques to overcome resistance, Defendant struck J.H. in the head and body an additional twenty-two times with his fists and knees, forgoing multiple reasonable opportunities to gain physical control of J.H. As a result of Defendant's willful use of unreasonable force, J.H. suffered bruising, swelling, and physical pain.

3.  **Possible Sentence**

Defendant's guilty plea will subject the Defendant to the following maximum possible sentence:

-Not more than 10 years of imprisonment;
-Not more than 3 years of supervised release;

-Not more than a $250,000 fine; and
-$100 mandatory special assessment.

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw Defendant's plea of guilty if the Defendant receives a more severe sentence than the Defendant expects, including a sentence above the jointly-recommended guideline range.

5. <u>Court's Use of Sentencing Guidelines</u>

The Court is obligated to consider the United States Sentencing Guidelines to calculate the applicable recommended guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

    a. <u>Use of Information</u>

4

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

b. <u>Acceptance of Responsibility</u>

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

c. <u>Agreements Regarding Sentencing Guidelines</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), parties agree to jointly recommend to the Court that the Defendant be sentenced to the low end of the advisory guideline range as determined by this Court at sentencing, unless the government, in its sole discretion, moves for a downward departure pursuant to U.S.S.G. § 5K1.1. The parties further agree to recommend that the Court calculate the Guideline Sentence as follows:

| § 2H1.1(a)(3)(A), | Base Offense Level (2+ Participants) | 12 |
| § 2H1.1(b)(1) | Committed Under Color of Law (Police) | + 6 = 18 |
| § 3A1.3 | Restraint of Victim (Other Officers) | + 2 = 20 |
| § 3E1.1 | Acceptance of Responsibility | - 3 = 17 |
| | **Final Adjusted Offense Level** | 17 |
| | **Guideline Range** | 24-30 months |

Defendant acknowledges and agrees that by entering into this agreement, the government does not waive or limit any of its rights to present complete and truthful

evidence and information to the Court at sentencing, including, but not limited to, information and evidence regarding aggravating circumstances that may be presented in rebuttal to any mitigation evidence presented by Defendant. The government reserves all rights to present evidence of the nature and circumstances of the offense, and of all relevant conduct by Defendant, and of Defendant's history and characteristics.

7. **Financial Obligations and Agreements**

   a. **Special Assessment**

   Defendant agrees to pay a special assessment in the amount of $ 100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

   b. **Required Financial Disclosures**

   Within 30 days of the entry of the guilty plea, Defendant shall complete a financial disclosure form listing all Defendant's assets and financial interests, whether held directly or indirectly, solely or jointly, in Defendant's name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

c.  **Financial Examination**

Defendant will submit to an examination under oath on the issue of Defendant's financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

8. **Waivers**

a.  **Waiver of Appeal**

Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the top of the advisory Sentencing Guidelines jointly recommended by the parties pursuant to the terms of this Agreement; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

b.  **Waiver of Collateral Attack**

Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally

attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

 c. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

 d. <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or Defendant's plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel and, if necessary, to have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-

examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses and the production of evidence by legal process.

11. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully, skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

12. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

13. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

1/27/25
Date

TARA M. LYONS
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF GEORGIA

_____
Tania Groover
Assistant United States Attorney
Chief, Criminal Division
Southern District of Georgia

1.27.25
Date

_____
Jennifer Kirkland
Assistant United States Attorney
Southern District of Georgia

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
U.S. DEPARTMENT OF JUSTICE

1/23/25
Date

_____
Alec Ward
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

1/7/25
Date

_____
Defendant, Ryan Robert Biegel

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

1/9/25
Date

_____
Counsel for Defendant, Adrien Browning